NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3799

_____

CLAUDIA CASSER,

Appellant

v.

TOWNSHIP OF KNOWLTON; MAYOR & COMMITTEE FOR THE TOWNSHIP OF
KNOWLTON; TOWNSHIP OF KNOWLTON PLANNING BOARD; MUNICIPAL
CLERK AND RECORDS CUSTODIAN OF THE TOWNSHIP OF KNOWLTON; THE
CHIEF JUSTICE OF NEW JERSEY SUPREME COURT; RENE MATHEZ,
individually and as a member of Knowlton Township Committee; DAVID A. SMITH,
individually and as a member of Knowlton Township Planning Board; CLAYTON
TAYLOR, individually and as a member of Knowlton Township Planning Board;
ROBERT J. GREENBAUM; MARK HONTZ, individually and as attorney to the
Knowlton Township Planning Board; TED RODMAN, individually and as the Knowlton
Township Engineer; JOSEPH LAYTON, individually and as the principal Knowlton
Township Planner with Maser Consulting P.A.; MASER CONSULTING P.A.,
individually and as the Knowlton Township Planner; FRANK VAN HORN, individually
and as a member of the Knowlton Township Committee and the Knowlton Township
Planning Board; RONALD FARBER, individually and as a member of the Knowlton
Township Committee and the Knowlton Township Planning Board; SCOTT ODORIZZI,
individually and as a member of the Knowlton Township Committee; KATHY
CUNTALA, individually and as a member of the Knowlton Township Committee and
the Knowlton Township Planning Board; GEORGE JAMES, individually and as a
member of the Knowlton Township Committee and the Knowlton Township Planning
Board; CARLA CONSTANTINO, individually and as a member of the Knowlton
Township Planning Board; HAL BROMM, individually and as a member of the
Knowlton Township Planning Board; MICHAEL TIRONI, individually and as a member
of the Knowlton Township Planning Board; DALE GLYNN, individually and as a
member of the Knowlton Township Planning Board; HOWARD COWELL, individually
and as a member of the Knowlton Township Planning Board; JANE and JOHN DOES 1-
5, individually and in their official capacities.

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 3-17-cv-01174)
Honorable Peter G. Sheridan, District Judge
_____

Submitted under Third Circuit L.A.R. 34.1(a)
October 22, 2019

BEFORE:  GREENAWAY, JR., PORTER, and COWEN, Circuit Judges

(Filed: March 3, 2020)
_____

OPINION*
_____

COWEN, Circuit Judge.

Pro se Plaintiff Claudia Casser appeals from the order of the United States District

Court for the District of New Jersey granting the motion to dismiss filed by Defendants

Township of Knowlton ("Knowlton"), Mayor and Committee for the Township of

Knowlton ("Mayor and Committee"), Township of Knowlton Planning Board ("Planning

Board"), Municipal Clerk and Records Custodian of the Township of Knowlton ("Clerk

and Records Custodian"), and Robert Greenbaum, Esq. (collectively "Appellees").  We

will affirm.

I.

This pro se case—together with extensive pro se litigation in the state courts—

arises out of a 2007 land use dispute concerning real estate owned by Casser in

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

2

Knowlton, New Jersey.[1]  As the New Jersey Appellate Division recently explained, "the variance approvals plaintiff obtained on October 23, 2007 from the Knowlton Township Planning Board were the springboard for nine years of litigation."  Casser v. Township of Knowlton, No. A-4429-17T4, 2019 WL 2484701, at *1 (N.J. Super. Ct. App. Div. June 14, 2019) (per curiam) (unpublished opinion).

In 2010, Casser filed a complaint in state court against, inter alia, Knowlton, the Mayor and Committee, and the Planning Board ("2010 State Lawsuit").  Ultimately, Casser's civil rights, municipal land use, and state constitutional takings claims were dismissed for failure to exhaust administrative and judicial remedies, and her motions for reconsideration and to amend the complaint were denied.  Casser appealed, and the New Jersey Appellate Division remanded the case to dispose of the remaining fraudulent concealment claim (the fraudulent concealment allegations were included as part of Casser's New Jersey RICO count).  On remand, the state trial court denied Casser's motion to amend the complaint, granted defendants' motion for summary judgment, dismissed all claims against the remaining defendants, and denied her reconsideration motion.  Casser appealed.

Meanwhile, Casser filed another state court lawsuit in 2013 ("2013 State Lawsuit"), "which was basically a restatement of the first, except this time she named as defendants the landowners she viewed as having been wrongfully granted zoning

---

[1] Casser acknowledges that she was "an in-house corporate attorney specializing in federal and international competition law" who retired fifteen years ago. (Appellant's Reply Brief at 12 n.2.)   She also served as a member of the Knowlton Township Board of Adjustment for less than a year approximately thirty years ago.

3

approvals." Id. The state trial court dismissed this case because of the pending appeal in the 2010 State Lawsuit. Casser appealed, and the New Jersey Appellate Division consolidated her two appeals.

In a 2015 precedential opinion, the state appellate court affirmed the trial court's disposition of the 2010 State Lawsuit. According to the New Jersey Appellate Division, Casser's facial challenge to the 2003 ordinance was moot because the municipality amended its ordinance in 2013. It also concluded that "plaintiff cannot circumvent the procedural barriers to her 2010 Law Division action by re-characterizing this litigation as a facial challenge to the 2003 ordinance." Casser v. Township of Knowlton, 118 A.3d 1071, 1078 (N.J. Super Ct. App. Div. 2015). "The second trial judge held that plaintiff was not entitled to [either relief from the terms of the variance resolution or damages], on any of her asserted legal theories, because she failed to file a timely action in lieu of prerogative writs and that failure barred her from pursuing her other causes of action. That ruling was eminently correct, for the reasons stated by the judge in his written opinion." Id. The state appellate court also agreed with the trial court that the interests of justice did not warrant relaxing the 45-day period for filing an action in lieu of prerogative writs. "Plaintiff's additional arguments on this appeal are without sufficient merit to warrant discussion in a written opinion. [N.J. Ct.] R. 2:11–3(e)(1)(E)." Id. at 1080.

In the same opinion, the New Jersey Appellate Division found no fault with the trial judge's dismissal of the 2013 State Lawsuit (which would be without prejudice), but

4

remanded for further proceedings.[2]  While refusing to address the merits of this appeal,

Casser was permitted to file a second amended complaint taking into account the

disposition of the 2010 State Lawsuit.  "Any amended complaint should clearly state the

claims she is asserting, the factual bases for those claims, and the relief she seeks."

Casser v. Township of Knowlton, A-2127-14T4, A-1815-13T4, 2015 WL 4283337, at

*10 (N.J. Super. Ct. App. Div. Jul. 7, 2015) (unpublished opinion); see also id. at *9-*10

(characterizing initial and amended complaint as long rambling documents repeating

many allegations contained in Casser's 2010 complaint and stating that amended

complaint could charitably be described as confusing jumble of allegations).

In 2016, the New Jersey Supreme Court denied certification.  See Casser v.

Township of Knowlton, 129 A.3d 329 (N.J. 2016) (unpublished table decision).  Casser

then commenced this federal action in 2017.

Initially, the District Court dismissed with prejudice all claims against Defendant

Stuart Rabner, the Chief Justice of the New Jersey Supreme Court (and denied Casser's

request to amend her complaint to name the Supreme Court of New Jersey or the

Superior Court of New Jersey as defendants) pursuant to the Rooker-Feldman and

judicial immunity doctrines.  See Casser v. Mayor & Comm. for Township of Knowlton,

No.:  17-cv-01174-PGS-LHG, 2017 WL 4869115 (D.N.J. Oct. 27, 2017).

Subsequently, the District Court granted several dismissal motions filed by the so-

called "Municipal Defendants," including Greenbaum (counsel for Appellees in both the

---

[2] The portion of the New Jersey Appellate Division decision disposing of the 2013 State Lawsuit was omitted from the published precedential opinion (and therefore appeared in only the full unpublished opinion).

state and federal litigation).  Acknowledging that "the Complaint is difficult to follow and lacks sufficient factual support," Casser v. Township of Knowlton, No. 3:17-cv-01174(PGS), 2018 WL 1586035, at *1 (D.N.J. Mar. 29, 2018), the District Court took into account the "Prior State Lawsuit" (i.e., both the 2010 and 2013 State Lawsuits) and specifically applied the Rooker-Feldman doctrine, res judicata principles, and New Jersey's entire controversy doctrine to the ten claims set forth in Casser's pleading.  It then "look[ed] at each Defendant's motion to dismiss to assess the extent to which Plaintiff should be allowed to file an amended pleading."  Id. at *10.  In addition to granting the dismissal motions without prejudice, the District Court allowed Casser to file an amended complaint "pursuant to specifications of this memorandum."  Id. at *13.

Casser filed her amended complaint, and Appellees moved to dismiss.  Noting that the other defendants were dismissed pursuant to the Rooker-Feldman doctrine, the entire controversy doctrine, and res judicata, the District Court observed that "the initial issue is whether the same rationale to dismiss the case applies to these Defendants as it applied to the previous Defendants."  Casser v. Township of Knowlton, No. 3:17-cv-01174(PGS), 2018 WL 6069165, at *1 (D.N.J. Nov. 20, 2018).  The District Court effectively answered this question in the affirmative.  Accordingly, it granted the motion to dismiss, dismissed all other defendants on futility grounds, and ordered the Clerk to close the file.

Casser appealed from this order dismissing her amended complaint.  After the appeal was briefed, the New Jersey Appellate Division disposed of her 2013 State Lawsuit.  In 2017, the state trial court dismissed several claims set forth in her second amended complaint and denied her subsequent motion for reconsideration.  In particular,

6

the state trial judge found that her claims for spoliation and fraudulent concealment were barred by the entire controversy doctrine, res judicata, and collateral estoppel.

Casser again appealed. Reiterating its prior critique of Casser's pleadings, the state appellate court affirmed for the reasons stated by the trial judge. The New Jersey Appellate Division concluded that the challenge to the ordinance was moot, the damage claims regarding other subdivision approvals lacked any basis in the law, Casser had no facts supporting her belief that defendants engaged in wrongful action, and there were no grounds upon which relief can be granted. It also concluded that most of her allegations could not be relitigated given the 2010 State Lawsuit. Finally, the New Jersey Appellate Division explained that the remaining arguments were without sufficient merit to warrant further discussion.[3]

## II.

Casser's allegations against Appellees fall into two general categories: (1) takings claims; and (2) claims for denial of access to the courts based on various acts of misrepresentation, fraudulent concealment, and other misconduct on the part of Appellees.[4] Casser argues at some length that the District Court committed reversible error by concluding that these claims are barred by the Rooker-Feldman doctrine. She further contends that Appellees have not carried their burden to prove the affirmative

---

[3] It appears that Casser has filed a motion for reconsideration with the state appellate court.

[4] The District Court had jurisdiction over this matter pursuant to 28 U.S.C. § 1331. This Court has jurisdiction over the appeal under 28 U.S.C. § 1291. The standard of review in a case reviewing the district court's application of the Rooker-Feldman doctrine is plenary. See Turner v. Crawford Square Apartments III, L.P., 449 F.3d 542, 547 (3d Cir. 2006).

defense of preclusion (i.e., res judicata, collateral estoppel, and the entire controversy doctrine).

The New Jersey Appellate Division recently upheld the dismissal of the 2013 State Lawsuit because, among other things, "[i]t is patently clear that most of the allegations relate to issues already decided in [the 2010 State Lawsuit] and thus may not be relitigated." Casser, 2019 WL 2484701, at *2 (citing N.J. Div. of Youth & Family Servs. v. R.D., 23 A.3d 352, 367-68 (N.J. 2011); Casser, 2015 WL 4283337, at *5-*8). We agree. To the extent Casser's claims against Appellees are not precluded by res judicata, collateral estoppel, or the entire controversy doctrine, they are barred by Rooker-Feldman.

According to Casser, "[t]his appeal relates solely to the [subsequent] Rooker-Feldman Order dismissing the [amended complaint]." (Appellant's Brief at 9 (citing A2; Casser, 2018 WL 6069165, at *2-*3).) However, the District Court appropriately applied the reasoning set forth in its prior dismissal memorandum to her amended pleading. In fact, the amended complaint contained the same basic claims the District Court had already considered at some length and rejected as barred by the Rooker-Feldman doctrine and basic principles of preclusion. Casser's lengthy amended complaint and the many arguments she raises on appeal simply attempt to reframe the same claims that were raised in her unsuccessful state litigation as well as her first federal complaint.

A.

The District Court appropriately set forth and applied the relevant legal principles. Four elements are required to trigger Rooker-Feldman: (1) the plaintiff lost in state court;

8

(2) the plaintiff complains of injuries caused by the state-court judgment; (3) the state-court judgment was rendered before the federal lawsuit was filed; and (4) the plaintiffs invites the federal court to review and reject the state-court judgment. See, e.g., Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010). The District Court recognized that it must look carefully at the cause of the alleged injury. See Casser, 2017 WL 4869115, at *3 ("It is this Court's critical task to 'identify those federal suits that profess to complain of injury by a third party, but actually complain of injury "'produced by a state court judgment and not simply ratified, acquiesced in, or left unpunished by it.'"'" (quoting Great W. Mining, 615 F.3d at 166)).

In turn, res judicata (or claim preclusion) applies when there is "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit on the same cause of action." In re Mullarkey, 536 F.3d 215, 225 (3d Cir. 2008) (quoting Post v. Hartford Ins. Co., 501 F.3d 154, 169 (3d Cir. 2007)). This doctrine bars claims that were—or could have been—brought in the prior proceeding. See, e.g., id.

"New Jersey's entire controversy doctrine, which [the District Court was] is bound to apply, ""compels the parties when possible, to bring all claims relevant to the underlying controversies, in one legal action,' including defenses and counterclaims. . . . It does so by barring parties from raising . . . any claims it knew, or should have known about, during a prior proceeding.'" Casser, 2018 WL 1586035, at *5 (quoting Napoli v. HSBC Mortg. Servs., No. 12-CV-222 (RMB-AMD), 2012 WL 3715936, at *3 (D.N.J. Aug. 27, 2012)). The District Court also recognized that this is an equitable doctrine that

9

does not bar claims that were unknown or unaccrued at the time of the original action or where the plaintiff did not have a fair and reasonable opportunity to litigate them.

We further note that collateral estoppel (also known as issue preclusion) applies when: (1) the allegedly precluded issue is identical to an issue decided in the prior proceeding; (2) the issue was actually litigated, (3) the court issued a final judgment on the merits; (4) the determination of the issue was essential to the prior judgment; and (5) the party against whom the doctrine is asserted was a party to (or in privity with a party in) the prior proceeding. See, e.g., R.D., 23 A.3d at 368.

B.

In its final disposition in this case, the District Court aptly indicated that "the same rationale to dismiss the case applies to these Defendants as it applied to the previous Defendants." Casser, 2018 WL 6069165, at *1. In fact, the claims set forth in the amended complaint are essentially identical to the claims rejected in the District Court's earlier ruling. For instance, the District Court properly determined that Claim One in the initial complaint is barred by the Rooker-Feldman doctrine. See, e.g., Casser, 2018 WL 1586035, at *5 ("In that way, Plaintiff is seeking a second bite of the apple."). This claim was entitled "'Fifth Amendment taking without just Compensation, Applicable to Defendants Under the Fourteenth Amendment and 42 U.S.C. 1983.'" Id. Casser's amended pleading alleged equivalent claims for "Taking by Unconstitutional Conditions," "Penn Central Regulatory Taking," and "Loretto Per Se Taking." (A82, A89, A95 (emphasis omitted).) Casser even alleged in both complaints that her takings claims ripened when the New Jersey Supreme Court denied her petition for certification.

10

Likewise, the District Court previously disposed of Casser's various allegations of fraudulent concealment, misrepresentation, and similar misconduct on Rooker-Feldman and preclusion grounds.

In turn, Casser's federal takings claims constitute "the functional equivalent of an appeal from a state court judgment." Marran v. Marran, 376 F.3d 143, 149 (3d Cir. 2004) (citing Rooker v. Fidelity Tr. Co., 263 U.S. 413 (1923); D.C. Ct. of App. v. Feldman, 460 U.S. 462 (1983)); see also, e.g., Pheasant Bridge Corp. v. Township of Warren, 777 A.2d 334, 343 (N.J. 2001) (noting that New Jersey constitutional takings protections are coextensive with federal constitutional protections against taking of property without just compensation). We agree that, as the District Court explained in some detail in its subsequent order granting Appellees' motion to dismiss, "the merits of the fraudulent concealment arguments were decided in the Prior State Lawsuit":

> The Appellate Division explained that the fraudulent concealment claim was addressed by a trial judge who ruled on its merits:
>
> > In a written statement of reasons, the third judge considered and rejected plaintiffs argument that she could assert independent cause of action for the tort of fraudulent concealment of evidence. Relying on Rosenbilt v. Zimmerman, [766 A.2d 749, 757-58 (N.J. 2001)], the judge reasoned that plaintiff had the documents before she filed the 2010 litigation. He found that she could not "show that she was damaged in the underlying litigation by having to rely on an evidential record that did not contain the evidence defendant concealed." He also found that plaintiff could not show that defendants acted with "intent to withhold evidence" when they gave her "access to municipal vaults that contained the entirety of Knowlton Township's records." The judge further concluded that plaintiff's proposed amended complaint would not cure the fundamental defects in her claim. The judge denied plaintiffs reconsideration motion on November 12, 2014, finding that her motion presented "no new evidence" and "no new arguments."

11

[Presiding Appellate Division] Judge Riesner noted that one trial judge granted summary judgment to the municipal defendants because an expert, Charles McGroarty, found that Casser was treated similarly to others, and on that motion Casser failed to file an expert report in opposition. Judge Reisner penned:

> The expert also reviewed and analyzed each of the land use applications in which plaintiffs claimed other landowners were treated more favorably. McGroarty explained that, contrary to plaintiff's assertions, in all but two or three cases the applicants in fact set aside large amounts of their land for agricultural preservation. Plaintiff opposed the summary judgment motion, without filing an expert report. She also filed a motion to amend her complaint, seeking to add a claim in lieu of prerogative writs, and to re-plead the civil rights and RICO claims that the first judge had dismissed without prejudice.

Casser, 118 A.3d at 1076. Despite these findings in the Prior State Lawsuit, Casser seeks to re-litigate here the decision on the McGroarty report in the prior case. ([A57-A59, A63].)

Casser, 2018 WL 6069165, at *4-*5. In addition, "[i]t is patently clear that most of the allegations [in the 2013 State Lawsuit] relate to issues [and claims] already decided in [the 2010 State Lawsuit] and thus may not be relitigated." Casser, 2019 WL 2484701, at *2 (citations omitted). Both state court actions were based on Casser's belief that the defendants were hiding records containing (according to the second amended complaint in the 2013 State Lawsuit) the "true findings and reasons for official [land use] actions" (A153), in order to (as it was put in her 2010 State Lawsuit pleading) to "fraudulently conceal the illegality of [their] conduct" (A187).

## III.

For the foregoing reasons, we will affirm the order of the District Court.

12